IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TERRANCE WRAY** | : | |
| **261 Russell Avenue** | : | |
| **Akron, Ohio 44311** | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | **CASE NO.:** |
| vs | : | **(Recommencement of Case No. 2:17-cv-590)** |
| | : | |
| **USAA GENERAL INDEMNITY** | : | |
| **COMPANY** | : | **JUDGE:** |
| **9800 Fredricksburg Road** | : | |
| **San Antonio, Texas 78288** | : | **MAGISTRATE:** |
| | : | |
| **also serve at:** | : | |
| | : | |
| **CT CORPORATION SYSTEM** | : | **Jury Trial Requested Herein** |
| **111 8th Avenue, 13th Floor** | : | |
| **New York, New York 10011** | : | |
| | : | |
| DEFENDANT. | : | |

### COMPLAINT FOR MONEY DAMGES AND OTHER RELIEF

Now comes the Plaintiff Terrance Wray, (hereinafter called "Mr. Wray"), which for his Complaint against the Defendant USAA General Indemnity Company (hereinafter called "USAA") states as follows:

**INTRODUCTION**

1. Mr. Wray purchased Renter's Insurance and a Valuable Personal Property rider covering five items of valuable jewelry from USAA.

2. Three of the insured items of jewelry were stolen on June 5, 2016 from Mr. Wray's vehicle, which was parked in his driveway at 327 Pagoda Court Pickerington, Ohio 43147.

3. USAA refused to honor its obligations under the insurance policy by severely undervaluing the jewelry and claiming it could not verify that Mr. Wray owned the jewelry.

4. USAA's conduct during its investigation and refusal to uphold its obligations under the insurance policy without justification amount to bad faith.

5. Therefore, Mr. Wray brings claims for USAA's breach of contract and the tort of bad faith in handling Mr. Wray's insurance claim for all of Mr. Wray's damages, for punitive damages, and for his attorney's fees and costs.

**GENERAL ALLEGATIONS**

6. Mr. Wray incorporates all other paragraphs of his Complaint by reference as though fully written here.

7. Mr. Wray is a natural person who resided at 327 Pagoda Court Pickerington, Ohio 43147 at the time the insured items of jewelry were stolen.

8. Mr. Wray currently resides 261 Russell Avenue, Akron, Ohio 44311.

9. USAA is a corporation licensed under the laws of the State of Texas with its principal place of business in Texas.

10. USAA issues and provides renter's insurance including special coverage for valuable personal property.

11. At all times material, Mr. Wray and USAA were engaged in a renter's insurance policy contract; policy number GIC 18397184 90C ("Renter's Insurance"). A copy of the Renter's Insurance contract is attached hereto as Exhibit A and is incorporated herein.

12. At all times material, Mr. Wray and USAA were engaged in a valuable personal property rider contract; policy number GIC 18397184 90C ("VPP"). A copy of the VPP is attached hereto as Exhibit B and is incorporated herein.

13. The Renter's Insurance and VPP provided coverage for jewelry from theft.

14. As part of the process of purchasing insurance with USAA, USAA required that Mr. Wray have the specific items of jewelry he wished to insure against loss appraised.

15. Mr. Wray cooperated with the process of obtaining complete appraisals for his jewelry.

16. Mr. Wray first purchased an appraisal of his jewelry from American Gem Institute in New York.

17. USAA rejected the appraisals and required Mr. Wray to acquire an appraisal of the jewelry from a graduate gemologist with specific information as to the weight of the metals and gems and the specific number and quality of gems in each piece.

18. Mr. Wray complied and purchased a Retail Replacement Appraisal for his jewelry from Northern Appraisal Services.

19. A Mr. Mitchell Dustin, a graduate gemologist from the Gemological Institute of America and certified gemologist appraiser with the American Gem Society, prepared the Retail Replacement Appraisal for Mr. Wray.

20. Mr. Wray submitted the appraisal, which included pictures of the items to be insured, to USAA which used the appraisal to reevaluate the limits of liability for Mr. Wray's VPP.

21. USAA informed Mr. Wray that it would require receipts for items purchased within the last five years before it would insure those newer items.

22. As a result, Mr. Wray removed a luxury diamond gold watch from coverage under the policy; he did not have a receipt for its purchase and feared it would not be covered if lost.

23. The other items Mr. Wray had purchased well over five years ago.

24. USAA sent Mr. Wray a new declaration page reflecting limits of liability for the specific items in line with the Retail Replacement Appraisal.

25. USAA did not update the general descriptions of the specific items covered in the new declaration page to match the Retail Replacement Appraisals specific descriptions of the weight of valuable metals and number, weight, and quality of gems for the covered jewelry. A copy of the new declaration page is attached hereto as Exhibit C and incorporated herein.

26. Mr. Wray also sent USAA multiple pictures of the jewelry as part of the process in obtaining the insurance.

27. Mr. Wray purchased insurance from USAA for five pieces of jewelry: one rose gold plated white gold diamond bracelet, one yellow gold diamond bracelet, one yellow gold diamond ring, one rose gold plated white gold diamond ring, and one rose gold plated white gold diamond chain.

28. On or about June 5, 2016, Mr. Wray's car was broken into and jewelry covered by USSA insurance was stolen. A copy of the police report Mr. Wray filed on June 6, 2016, and a later added addendum is attached hereto as Exhibit D and is incorporated herein.

29. Among other items, the yellow gold diamond bracelet, the rose gold plated white gold diamond chain, and the rose gold plated white gold diamond ring were stolen from Mr. Wray's vehicle parked in front of his home.

30. Mr. Wray reported the loss to USAA on June 6, 2016, by telephone.

31. Mr. Wray and USAA then communicated concerning the loss by messages through Mr. Wray's online portal with USAA.

32. USAA assigned the claim the number 018397184-90C-003.

33. USAA required Mr. Wray to amend his statement on the police report to include more detailed information about the specific items stolen.

34. Mr. Wray complied and provided the police with more information about the specific items stolen.

35. USAA also required Mr. Wray to submit an itemized list of everything stolen from his vehicle, appraisals of the jewelry again, pictures of Mr. Wray wearing the jewelry, details on servicing of the jewelry Mr. Wray had purchased in the past, and receipts for the appraisals he purchased.

36. Mr. Wray complied and sent USAA the information requested except for receipts relating to the purchase of the jewelry.

37. Mr. Wray contacted the jeweler from whom he purchased the jewelry, but the jeweler was unable to provide Mr. Wray with receipts of his purchases.

38. An investigator from USAA interviewed Mr. Wray concerning the loss.

39. An investigator called Mr. Wray's girlfriend and asked if the jewelry was fake, among other questions.

40. In January of 2017, USAA messaged Mr. Wray and informed him that they could not verify that Mr. Wray owned the jewelry that USAA insured.

41. In January of 2017, USAA told Mr. Wray that the descriptions of the jewelry in his policy did not match the appraisals and descriptions of the stolen jewelry Mr. Wray lost.

42. In January of 2017, USAA issued Mr. Wray a check for $16,065.88 for what it claimed to be standard pricing for the lost jewelry.

43. The valuable personal property rider scheduled limits of liability of $61,000.00 for the rose gold plated white gold diamond chain, $60,200.00 for the yellow gold diamond bracelet, and $16,000.00 for the rose gold plated white gold diamond ring.

44. On or about May 3, 2017, Mr. Wray requested to speak with a manager with USAA concerning his claim.

45. On or about May 17, 2017, an individual from USAA contacted Mr. Wray and told him the description of the items covered did not match the descriptions in the new declaration page, and that Mr. Wray could have gone to any jewelry store and purchased an appraisal on an item of interest in order to obtain insurance coverage.

46. USAA had no basis to blame Mr. Wray for its failure to update the descriptions of the items in the VPP or to believe that Mr. Wray did not own the jewelry items.

47. USAA failed to honor Mr. Wray's claim as to the VPP without justification.

48. USAA had ample evidence before it insured the items and during its investigation which established Mr. Wray owned the jewelry.

49. USAA attempted to require Mr. Wray to produce evidence that did not exist as to his ownership.

50. Mr. Wray still possesses the other the pieces of jewelry that USAA insured, the rose gold plated white gold diamond bracelet and the yellow gold diamond ring.

51. Mr. Wray does not possess the gold diamond watch that USAA originally insured.

52. USAA delayed unnecessarily, failed to perform an adequate investigation into Mr. Wray's ownership of the stolen property, and then denied his claim without justification.

53. Mr. Wray was damaged by USAA's actions described herein.

54. Mr. Wray is entitled to all his actual damages, punitive damages, and his attorney fees and costs in an amount to be proven at trial to exceed $75,000.00.

55. Mr. Wray voluntarily dismissed this matter by stipulation and without prejudice on January 15, 2019 and is now refiling.

## COUNT ONE
## BREACH OF CONTRACT

56. Mr. Wray incorporates by reference paragraphs 1 – 55 of this Complaint as though fully rewritten and realleged herein.

57. The Renter's Insurance and VPP are enforceable contracts between Mr. Wray and USAA.

58. Coverage of claims is material to any insurance policy including the Renter's Insurance Mr. Wray purchased from USAA.

59. USAA failed to cover Mr. Wray's claim for coverage of the three items of jewelry that he lost without justification.

60. USAA breached the Renter's Insurance and VPP when it refused to cover Mr. Wray's claim for the loss of the three items of jewelry.

61. Mr. Wray fully performed his obligations under the insurance policy by paying the monthly premium on time.

62. Mr. Wray was damaged by USAA's material breach.

63. For all the foregoing reasons, Mr. Wray is entitled to his expectation damages under the Renter's Insurance and Valuable Personal Property Rider in an amount to exceed $75,000.00.

## COUNT TWO
## UNJUST ENRICHMENT

64. Mr. Wray incorporates by reference paragraphs 1 – 63 of this Complaint as though fully rewritten and realleged herein.

65. USAA's retention of the money it was required to pay Mr. Wray pursuant to the insurance policy without justification is unjust.

66. Mr. Wray paid USAA money to insure his valuable personal property.

67. USAA failed to pay Mr. Wray the full amounts to which he was entitled.

68. USAA has been unjustly enriched in an amount to be proven at trial and to exceed $25,000.00.

69. Mr. Wray is entitled to his damages in the amount of at least the money USAA has wrongfully retained in an amount to exceed $25,000.00.

## DEMAND AGAINST DEFENDANT

**WHEREFORE** Plaintiff prays the Court:

a. Assume jurisdiction of this case;

b. Award Plaintiff actual damages sustained as a result of Defendant's wrongful actions;

c. Award Plaintiff the maximum economic, non-economic, actual, general, other, and statutory damages sought under each Count;

d. Award Plaintiff all other damages the Court deems appropriate and Plaintiff is entitled to;

e. Grant Plaintiff the costs of this litigation, including filing fees and reasonable attorney's fees; and

f. Grant all other relief the Court deems appropriate.

Respectfully submitted,

**SOROKA & ASSOCIATES, LLC**

 /s Roger R. Soroka
Roger R. Soroka         (0082195)
Joshua G. Bedtelyon     (0087866)
503 South Front Street, Suite 205
Columbus, OH 43215
Telephone:  (614) 358-6525
Facsimile:  (614) 448-4487
Roger@sorokalegal.com
Joshua@sorokalegal.com
*Counsel for Plaintiff Terrance Wray*

**JURY TRIAL DEMANDED**

Plaintiff respectfully requests a jury trial on all triable issues.

 /s Roger R. Soroka
Roger R. Soroka         (0082195)

9